UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES,<br>    Plaintiff,<br>    v.<br>ERICA RUTH SHEPARD,<br>    Defendant. | NO. CR-04-0213-RHW<br>**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER SENTENCE** |

Before the Court is the Government's Motion for Reconsideration of Sentence (Ct. Rec. 44). The Government cites *United States v. Berger*, 103 F.3d 67, 71 (9th Cir. 1996), and argues that this Court lacks authority to downward depart based on the sentencing disparity between powder cocaine and base cocaine. Instead, the Government submits, this Court is limited to considering whether a sentencing disparity exits between defendants convicted of the same crime.

After a close parsing of *Berger*, the Court finds that the Government's reading of 18 U.S.C. § 3553 (a)(6) is unduly narrow and unsupported by precedent. In *Berger*, the panel considered the sentencing disparity between crimes involving powder and base cocaine and determined that while the disparity may have been "unfair," courts had "no discretion to depart downward based on the powder/base sentencing disparity." *Id*. The Court noted that "[i]t is not the province of this Court to second-guess Congress's chosen penalty" because the distinction between powder and base was "a discretionary legislative judgment for Congress and the Sentencing Commission to make." *Id.* (*citing United States v. Cherry*, 50 F.3d 338,

**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER SENTENCE** * 1

344 (5th Cir. 1995)) (quotations omitted). Since the Supreme Court's landmark decision in *United States v. Booker*, 125 S. Ct. 738, 769 (2005), however, the sentencing guidelines no longer dictate a mandatory sentence. To the extent that *Berger* suggests otherwise, it has been abdicated by *United States v. Ameline*, 400 F.3d 646, 656-66 (9th Cir. 2005) (holding that "under the post-*Booker* discretionary sentencing regime, the advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"). In lieu of strictly adhering to mandatory guidelines, this Court must weigh many factors, including policy statements made by the Sentencing Commission and unwarranted sentencing disparities, in crafting an appropriate sentence. 18 U.S.C. § 3553.

Section 3553(a)(6) provides that the Court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been *found guilty of similar conduct*" (emphasis added). The Court, in its previous analysis, found that a misprison of a felony involving cocaine base involved "similar conduct" to a misprison of a felony involving cocaine powder. The Court further found that the radical disparity in sentencing ranges suggested by the advisory guidelines was unwarranted. The Court noted that this conclusion was amply supported by policy statements made by the United States Sentencing Commission, which has found that a lower cocaine base/cocaine powder sentencing ratio is appropriate. *See* 18 U.S.C. § 3553 (a)(5) (directing courts to consider commission's policy statements).

For these reasons, the Court finds no reason to reconsider its sentence of the Defendant.

///
///
///

Having reviewed the record, heard from counsel, and been fully advised in

**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER SENTENCE** \* 2

1  this matter, **IT IS HEREBY ORDERED** that:

2      1.  The Government's Motion for Reconsideration of Sentence (Ct. Rec. 44)

3  is **DENIED**.

4      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

5  Order and forward copies to counsel.

6      **DATED** this 2nd day of June, 2005.

7

8                        s/  ROBERT H. WHALEY
                  UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14  Q:\CRIMINAL\2004\SHEPARD\deny.reconsid.sent.ord.wpd

**ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER SENTENCE** * 3